IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDANT HEALTH, INC., <br><br> Plaintiff <br><br> v. <br><br> PERSONAL GENOME DIAGNOSTICS, INC., <br><br> Defendant. | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Guardant Health, Inc. ("Guardant"), on behalf of itself, by Guardant's attorneys, hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Defendant Personal Genome Diagnostics, Inc. ("Personal Genome").

2. Guardant brings this action to halt Personal Genome's infringement of Guardant's rights under the Patent Laws of the United States 35 U.S.C. § 1, et seq., which arise under U.S. Patent No. 9,598,731 ("the '731 patent") (attached as Exhibit 1).

## PARTIES

3. Guardant is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 505 Penobscot Dr., Redwood City, CA 94063.

4. Guardant was founded in 2012 by pioneers in DNA sequencing and cancer diagnostics. Since its inception, Guardant has focused its expertise on the development of liquid biopsy cancer assays. It was the first company to develop and commercialize a comprehensive

liquid biopsy assay to identify genomic biomarkers for advanced solid tumors using "cell-free circulating tumor DNA," or "ctDNA," from simple, non-invasive blood draws.

5. Today, Guardant markets and sells the Guardant360® ctDNA assay. Guardant360 uses advanced DNA sequencing methods to identify targeted therapy treatment options based on the specific changes—also known as somatic mutations—that occur within the DNA of cancer cells. Guardant360 has helped thousands of oncologists find accurate and actionable information about tens of thousands of cancer patients, while avoiding the high costs and added risks of tissue biopsies.

6. On information and belief, Personal Genome Diagnostics, Inc. ("Personal Genome") is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 2809 Boston Street, Suite 503, Baltimore, MD 21224. Personal Genome markets and sells a liquid biopsy known as PlasmaSELECT 64®. On information and belief, Personal Genome performs PlasmaSELECT 64 at its facility in Baltimore, MD.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

9. This Court has jurisdiction over Personal Genome because, upon information and belief, Personal Genome Diagnostics, Inc. is a Delaware corporation.

10. This Court also has jurisdiction over Personal Genome because, upon information and belief, Personal Genome, directly or indirectly, uses, offers for sale, and/or sells PlasmaSelect 64 throughout the United States and in this judicial district.

11. Further, the Court has jurisdiction over Personal Genome because, inter alia, this action arises from actions of Personal Genome directed toward Delaware, and because Personal Genome has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware. Upon information and belief, Personal Genome regularly and continuously transacts business within Delaware, including by selling PlasmaSelect 64 in Delaware, either on its own or through its affiliates. Upon information and belief, Personal Genome derives substantial revenue from the sale of PlasmaSelect 64 in Delaware and has availed itself of the privilege of conducting business within Delaware.

12. For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Personal Genome.

## BACKGROUND

13. Guardant repeats and re-alleges the foregoing paragraphs as if set forth specifically herein.

14. On information and belief, in the late-2016 time frame Personal Genome began commercializing a liquid biopsy test known as PlasmaSelect 64. According to a Personal Genome press release, "PlasmaSELECT 64 identifies clinically actionable and functionally important sequence mutations and structural alterations across multiple cancer types without the need for invasive biopsies." Exhibit 2.

15. In August 2017, scientists affiliated with Personal Genome published the article "Direct detection of early-stage cancers using circulating tumor DNA" (attached hereto as Exhibit 3) in the journal Science Translational Medicine. This article describes an approach that Personal Genome refers to as "TEC-Seq," an overview of which is presented in the figure below:



Exhibit 3 at Fig. 1.

16.  Personal Genome scientists have confirmed publicly that PlasmaSelect 64 incorporates that "TEC-Seq" method.  For instance in April 2017, Personal Genome scientist Monica Nesselbush confirmed to the trade publication GenomeWeb that "TEC-Seq is an element of PlasmaSelect."  *See* Exhibit 5.  Likewise, when Personal Genome's publication in Science Translational Medicine appeared, GenomeWeb reported that the "work was co-authored by investigators from the liquid biopsy firm and Johns Hopkins spinout Personal Genome Diagnostics, which uses TEC-Seq as part of its PlasmaSelect protocol."  Exhibit 4.

17.  Personal Genome infringes, literally or under the doctrine of equivalents, Guardant's '731 patent through its activities connected to its performance of the PlasmaSelect 64 test that uses TEC-Seq.  For instance, representative claim 1 of the '731 patent is listed below:

1. A method for quantifying single nucleotide variant tumor markers in cell-free DNA from a subject, comprising:

   (a) providing at least 10 ng of cell-free DNA obtained from a bodily sample of the subject;

   (b) attaching tags comprising barcodes having from 5 to 1000 distinct barcode sequences to said cell-free DNA obtained from said bodily sample of the subject, to generate non-uniquely tagged parent polynucleotides, wherein each barcode sequence is at least 5 nucleotides in length;

   (c) amplifying the non-uniquely tagged parent polynucleotides to produce amplified non-uniquely tagged progeny polynucleotides;

   (d) sequencing the amplified non-uniquely tagged progeny polynucleotides to produce a plurality of sequence reads from each parent polynucleotide, wherein each sequence read comprises a barcode sequence and a sequence derived from cell-free DNA;

   (e) grouping the plurality of sequence reads produced from each non-uniquely tagged parent polynucleotide into families based on i) the barcode sequence and ii) at least one of: sequence information at a beginning of the sequence derived from cell-free DNA, sequence information at an end of the sequence derived from cell-free DNA, and length of the sequence read, whereby each family comprises sequence reads of non-uniquely tagged progeny polynucleotides amplified from a unique polynucleotide among the non-uniquely tagged parent polynucleotides;

   (f) comparing the sequence reads grouped within each family to each other to determine consensus sequences for each family, wherein each of the consensus sequences corresponds to a unique polynucleotide among the non-uniquely tagged parent polynucleotides;

   (g) providing one or more reference sequences from a human genome, said one or more reference sequences comprising one or more loci of reported tumor markers, wherein each of the reported tumor markers is a single nucleotide variant;

   (h) identifying consensus sequences that map to a given locus of said one or more loci of reported tumor markers; and

   (i) calculating a number of consensus sequences that map to the given locus that include the single nucleotide variant thereby quantifying single nucleotide variant tumor markers in said cell-free DNA from said subject.

18.   Performance of Personal Genome's PlasmaSelect 64 test leads to infringement of this claim in the following way.  First, in PlasmaSelect 64, more than 10 ng of cell free DNA is obtained from a patient blood draw (step a).  Tags comprising barcodes are then attached to both ends of the DNA fragments that are present in the sample of cell free DNA (step b).  The tagged

DNA sample is then subject to PCR amplification (step c). The amplified DNA is then subject to sequencing on the Illumina sequencing platform, resulting in sequence reads that consist of a barcode sequence and a sequence present in the cell free DNA (step d). Next, the sequence reads are grouped into families based on the barcode and additional sequence information, allowing one to collect sequence information that arises from the same DNA molecule (step e). The sequence reads in each family are then compared to one another to arrive at a "consensus sequence" that represents a more accurate determination of the sequence of the molecule in question (step f). Next, the consensus sequences are mapped to a reference genome to identify sequence that map to regions of the genome associated with cancer tumor markers (steps f-h). Finally, the number of tumor markers present in the original sample are quantified (step i).

19. As an example, attached hereto as Exhibit 6 is a preliminary and exemplary claim chart detailing Personal Genome's infringement of multiple claims of the '731 patent. This chart is not intended to limit Guardant's right to modify this chart or any other claim chart or allege that other activities of Personal Genome infringe the identified claims or any other claims of the '731 patent or any other patents. Exhibit 6 is hereby incorporated by reference in its entirety. Each claim element in Exhibit 6 that is mapped to the TEC-Seq product shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

## COUNT I

20. Guardant repeats and re-alleges the foregoing paragraphs as if set forth specifically herein.

21. On March 21, 2017, the United States Patent and Trademark Office duly and legally issued the '731 patent, entitled "Systems and Methods to Detect Rare Mutations and Copy

Number Variation," which is solely assigned to Guardant. Guardant is the owner of all rights, title to and interest in the '731 patent.

22. On information and belief, Personal Genome has infringed and continues to infringe at least claims 1, 2, 5, 6-9, 11-12, 14, 16-17 of the '731 patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by performing within the United States without authority the PlasmaSelect 64 test that uses the TEC-Seq method. As an example, attached as Exhibit 6 is a preliminary and exemplary claim chart detailing Personal Genome's infringement of these claims of the '731 patent. This chart is not intended to limit Guardant's right to modify the chart or allege that other activities of Guardant infringe the identified claims or any other claims of the '731 patent or any other patents.

23. Exhibit 6 is hereby incorporated by reference in its entirety. Each claim element in Exhibit 6 that is mapped to Personal Genome's PlasmaSelect 64 test shall be considered an allegation within the meaning of the Federal Rules of Civil Procedure and therefore a response to each allegation is required.

## JURY DEMAND

24. Guardant demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Guardant prays that this Court grant the following relief:

A. A judgment that Personal Genome has infringed the '731 patent and that the '731 patent is valid;

B. Damages or other monetary relief, including, but not limited to, costs and pre- and post-judgment interest, to Guardant;

- 8 -

C.  An order enjoining Personal Genome and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from further infringement of the '731 patent;

D.  Such further and other relief as this Court deems proper and just, including, but not limited to, a determination that this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs to Guardant in this action.

Dated: November 9, 2017

Of Counsel:

Edward R. Reines
Derek Walter
WEIL, GOTSHAL &MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
farnan@farnanlaw.com
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Guardant Health, Inc.*