## PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.

JOHN C. PHILLIPS, JR.
ROBERT S. GOLDMAN
LISA C. MCLAUGHLIN
JAMES P. HALL
DAVID A. BILSON
MEGAN C. HANEY

ATTORNEYS AT LAW
PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DE 19806

(302) 655-4200 (P)
(302) 655-4210 (F)

May 8, 2019

**VIA CM/ECF & HAND DELIVERY**
The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 N. King Street
Wilmington, Delaware 19801

**REDACTED - PUBLIC VERSION**

Re:   *Guardant Health, Inc. v. Personal Genome Diagnostics, Inc.*
C.A. No. 17-1623-LPS-CJB

Dear Judge Burke:

PGDx respectfully requests that the Court order Guardant to produce its communications with Helmy Eltoukhy in 2012, which Guardant is withholding as privileged.

## I.   Background

PGDx's amended answer and counterclaims allege that Guardant's co-founders, Helmy Eltoukhy and AmirAli Talasaz, engaged in an intentional scheme to defraud the Patent Office. *See* D.I. 217, Counterclaims ¶¶ 8-50.  PGDx alleges ███████████████████████████████████████

███████████████████████████████████████████████████████████████
███████████████████████████████ ██████ ██████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████ ██████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████████████████████████████████████

█████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████ ████████████████████████████████████

---

█ ██ emphasis is added unless otherwise noted.

The Honorable Christopher J. Burke                                                    Page 2
May 8, 2019



  Based on the above testimony, PGDx now challenges Guardant's privilege log entry Nos. 1115, 1117, 1120, 1121, 1126, 1127, 1153, 1154, 1157, 1158, 1162, 1168, 1169, 1183, 1211, 1212, 4214, and 4225. *See* Exs. 4-5. ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████            *See id.*
Guardant also withholds several documents on the ground of "Work Product." *See* Ex. 4 at 2-3.

  Guardant's privilege claims are particularly troubling because they are inconsistent with Guardant's position on the merits. In an attempt to show Eltoukhy is not an inventor of the Patents-in-Suit, ████████████████████████████████████████████████████

Ex. 6 at 1. Guardant cannot have it both ways. Guardant must either (1) substantiate its privilege claim with *evidence* regarding Eltoukhy's role, or (2) abandon its privilege claims.

## II.   The Withheld Communications Are Not Privileged

  "The party asserting the privilege bears the burden of establishing the requisite elements," including "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *Acceleration Bay LLC v. Activision Blizzard*, No. CV 16-453-RGA, 2018 WL 798731 at *2 (D. Del. Feb. 9, 2018) (quoting Restatement (Third) of the Law Governing Lawyers § 68). Guardant's privilege claim fails for many reasons.

### a.   The Withheld Communications Were Not Made Between Privileged Persons

  First, fourteen of the eighteen communications are demonstrably not privileged because they were not "made between privileged persons," *Acceleration Bay*, 2018 WL 798731 at *2. Rather, they were between Eltoukhy and Talasaz only. *See* Ex. 4 (1115, 1117, 1120, 1121, 1126, 1153, 1154, 1157, 1158, 1162, 1168, 1169, 1183), Ex. 5 (4225). Privileged persons "include the client, the attorney(s), and any of their agents that help facilitate attorney-client communications or the legal representation." *INVISTA North America S.à.r.l. v. M&G USA Corp.*, No. CV 11-1007-SLR-CJB, 2013 WL 12171721 at *4 (D. Del. June 25, 2013). ████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████ Guardant has not even made that argument. *See* Exs. 6-7.

████████████████████████████████████████████ But Guardant is incorrect: "[A] party's voluntary disclosure to a *third party* of information purportedly protected

The Honorable Christopher J. Burke                                    Page 3
May 8, 2019

by the attorney-client privilege destroys the information's confidentiality, thus obviating the privilege." *INVISTA*, 2013 WL 12171721 at *4. ████████████████████████████████ ████████████████████████████████████████████ But Guardant put forward no evidence to support that argument. ████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ This Court has repeatedly held that communications with third parties with mere commercial interests are not privileged. *See, e.g., Acceleration Bay*, 2018 WL 798731 at *2 (communications with litigation-financing company not privileged); *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 376 (D. Del. 2010) (same).

**b.   The Withheld Communications Were Not Made In Confidence**

Second, none of the withheld communications are privileged because they were made with Eltoukhy and thus were not made "in confidence," *Acceleration Bay*, 2018 WL 798731 at *2. If "persons other than the client, its attorney, or their agents are present, the communication is not made in confidence." *Id.* As discussed, ████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

**c.   The Withheld Communications Were Not Made For The Purpose of Obtaining Or Providing Legal Assistance**

Third, none of the communications were "for the purpose of obtaining or providing legal assistance for the client." ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ "The privilege protects *only* those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege." *INVISTA*, 2013 WL 12171721 at *4 (emphasis in original). ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████ Such communications are not privileged.

**III.   The Common Interest Privilege Does Not Apply**

During the parties' meet and confer, PGDx repeatedly asked Guardant to state whether it would assert that a common interest privilege applies. Ex. 6 at 1-3. Guardant refused to take a position and, instead, merely "reserved the right" to invoke this privilege. *Id.* at 1, 3. That is unfair to PGDx because it prevents PGDx from adequately addressing Guardant's argument in this brief. Regardless, Guardant cannot establish a common interest privilege. "The common interest doctrine is an exception to the general rule that voluntary disclosure to a third party of purportedly privileged information waives the privilege." *Acceleration Bay*, 2018 WL 798731 at *2. "To show that there is a proper community of interest, the interests 'must be *identical*, not similar, and be *legal*, not solely commercial.'" *Id.*

The Honorable Christopher J. Burke                                           Page 4
May 8, 2019

Here, neither Talasaz nor Eltoukhy identified any *identical legal* interests. Indeed, 

See Exs. 4-5. It is hard to imagine what common *legal* interest Eltoukhy—████████████████████████████—could share with Talasaz regarding a patent application Guardant maintains was *not* their joint invention. Indeed,

Obviously, that does not establish an identical legal interest. The common interest privilege does not apply.

## IV.    Guardant's Communications Are Not Protected as Work Product

Guardant also invokes the work product doctrine to withhold four of the communications. *See* Ex. 4 (entry nos. 1157, 1158, 1183, and 4214). But Guardant has never contended that it was anticipating litigation in 2012. Thus, the work-product doctrine does not apply. *See INVISTA*, 2013 WL 12171721 at *9-10. Indeed, three of the four "work product" documents relate to "patent prosecution." *See* Ex. 4 (entry nos. 1157, 1158, and 1183). "[B]ecause the nature of patent prosecution involves a non-adversarial, *ex parte* proceeding, work performed at the request of an attorney to prosecute a patent application does not, as a 'blanket rule,' fall within the scope of the work product doctrine." *INVISTA*, 2013 WL 12171721 at *15.

## V.    Guardant Blocked Questions Regarding the Challenged Communications

During Talasaz's deposition, Guardant's counsel clawed back and prevented PGDx from asking questions about one of the documents now identified on Guardant's privilege log. *See* Ex. 3 at 190:13-195:8; Ex. 5 (entry no. 4255). Counsel did so even though



Guardant argued it was proper to claim privilege over the email forwarding certain subject matter regardless of whether

*Id.* at 194:3-10. Guardant thus refused to allow additional questioning and clawed the document back. Ex. 3 at 195:3; Ex. 8. For all the reasons discussed above, that was improper. The Court should order Guardant to produce the withheld documents, including the clawed-back document, and make Eltoukhy and Talasaz available for additional questioning regarding those documents.

Respectfully submitted,

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (No. 110)

cc:    All counsel of record (via CM/ECF & email)

# EXHIBIT 1

Page 1

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


GUARDANT HEALTH, INC.,


    Plaintiff,


       vs.             Case No. 17-CV-1616

                              (LPS) (CJB)

FOUNDATION MEDICINE, INC.,

and PERSONAL GENOME,

DIAGNOSTICS, INC.


    Defendants.

_____


**HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**

VIDEODEPOSITION OF GUARDANT HEALTH'S 30(b)(6)

CORPORATE REPRESENTATIVE & HELMY ELTOUKHY, Ph.D.

Redwood Shores, California

Monday, April, 8, 2019

Volume I


REPORTED STENOGRAPHICALLY BY:

REBECCA L. ROMANO, RPR, CSR No. 12546

_____

DIGITAL EVIDENCE GROUP

1730 M Street, NW, Suite 812

Washington, D.C. 20036

(202) 232-0646



**Page 2**

1    IN THE UNITED STATE DISTRICT COURT
2       FOR THE DISTRICT OF DELAWARE
3
4   GUARDANT HEALTH, INC.,
5
6       Plaintiff,
7
8       vs.        Case No. 17-CV-1616
9                  (LPS) (CJB)
10  FOUNDATION MEDICINE, INC.,
11  and PERSONAL GENOME,
12  DIAGNOSTICS, INC.
13
14      Defendants.
    _____
15
16      VIDEO DEPOSITION OF HELMY ELTOUKHY,
17  Ph.D., taken on behalf of the Defendant, at
18  Weil, Gotshal & Manges LLP, 201 Redwood Shores
19  Parkway, Suite 500, Redwood Shores, California,
20  commencing at 9:00 a.m., Monday, April 8, 2019
21  before Rebecca L. Romano, Certified Shorthand
22  Reporter No. 12546

**Page 4**

1       APPEARANCES OF COUNSEL (cont'd)
2
3   For the Defendant - Foundation Medicine:
4   CHOATE HALL & STEWART LLP
5   BY:  MARGARET E. IVES
6   BY:  SAMANTHA E. CUTLER
7   Attorneys at Law
8   Two International Place
9   Boston, Massachusetts 02110
10  (617) 248-5000
11  mives@choate.com
12  scutler@choate.com
13
14
15
16
17
18
19
20  ALSO PRESENT:
21      Caray Mook, Videographer
22

**Page 3**

1       APPEARANCES OF COUNSEL
2
3   For the Plaintiff:
4       WEIL, GOTSHAL & MANGES LLP
5   BY:  DEREK C. WALTER
6   Attorney at Law
7   201 Redwood Shores Parkway
8   Redwood Shores, California 94065
9   (650) 802-3000
10  derek.walter@weil.com
11
12  For the Defendant - Personal Genome Diagnostics:
13  KNOBBE MARTENS
14  BY:  JOSEPH R. RE
15  BY:  STEPHEN W. LARSON
16  Attorneys at Law
17  2040 Main Street
18  14th Floor
19  Irvine, California 92614
20  (949) 760-0404
21  joe.re@knobbe.com
22  stephen.larson@knobbe.com

**Page 5**

1           I N D E X
    DEPONENT              EXAMINATION
2   HELMY ELTOUKHY, PH.D.          PAGE
    VOLUME I
3
4   BY MR. RE            16
5
6       E X H I B I T S
7

**Pages 2 to 5**

4/8/2019       Guardant Health v. Foundation Medicine       Helmy Eltoukhy
Highly Confidential - Attorneys' Eyes Only



Page 14

Pages 14 to 17



Page 102

Pages 102 to 105



Page 106

Pages 106 to 109



Page 142

Pages 142 to 145



Page 146

Pages 146 to 149



Page 170



Page 174

Pages 174 to 177



Page 178

Pages 178 to 181



Page 182

Pages 182 to 185

4/8/2019                        Guardant Health v. Foundation Medicine                    Helmy Eltoukhy
                               Highly Confidential - Attorneys' Eyes Only



Page 190

Pages 190 to 193



Page 194

Pages 194 to 197



Page 198

Pages 198 to 201

Page 390

```
 1    STATE OF CALIFORNIA        ) ss:
                                 )
 2    COUNTY OF CONTRA COSTA     )

 3        I, Rebecca L. Romano, CSR. 12546, do hereby
      certify:
 4        That the foregoing deposition testimony was
      taken before me at the time and place therein set
 5    forth and at which time the witness was
      administered the oath;
 6        That the testimony of the witness and all
      objections made by counsel at the time of the
 7    examination were recorded stenographically by me,
      and were thereafter transcribed under my direction
 8    and supervision, and that the foregoing pages
      contain a full, true and accurate record of all
 9    proceedings and testimony to the best of my skill
      and ability.
10        I further certify that I am neither counsel
11    for any party to said action, nor am I related to
12    any party to said action, nor am I in any way
13    interested in the outcome thereof.
14        IN WITNESS WHEREOF, I have subscribed my name
15    this 22nd day of April, 2019.
16
17
18
19
20        _____
21             Rebecca L. Romano, RPR,
22             CSR. No 12546
```

# EXHIBIT 2

```
        **HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY ROUGH DRAFT**
 1              UNCERTIFIED REALTIME ROUGH DRAFT OF

 2              AMIRALI TALASAZ, PH.D. TAKEN 5/1/2019

 3

 4                           ***

 5   THIS REALTIME ROUGH DRAFT IS UNEDITED AND

 6   UNCERTIFIED AND MAY CONTAIN UNTRANSLATED

 7   STENOGRAPHIC SYMBOLS, AN OCCASIONAL REPORTER'S

 8   NOTE, A MISSPELLED PROPER NAME/OR NONSENSICAL WORD

 9   COMBINATIONS.  PURSUANT TO CCP SECTION 2025.540(b),

10   IT MAY NOT BE USED, CITED, OR TRANSCRIBED AS THE

11   CERTIFIED TRANSCRIPT OF THE DEPOSITION PROCEEDINGS.

12   THIS REALTIME ROUGH DRAFT TRANSCRIPT MAY NOT BE

13   CITED OR USED IN ANY WAY OR AT ANY TIME TO REBUT OR

14   CONTRADICT THE CERTIFIED TRANSCRIPT OF THE

15   DEPOSITION PROCEEDINGS AS PROVIDED BY THE

16   DEPOSITION OFFICER.  THIS DOCUMENT IS NOT TO BE

17   RELIED UPON IN WHOLE OR IN PART AS THE OFFICIAL

18   TRANSCRIPT.  THIS UNCERTIFIED REALTIME ROUGH DRAFT

19   VERSION HAS NOT BEEN REVIEWED OR EDITED BY THE

20   CERTIFIED SHORTHAND REPORTER FOR ACCURACY.

21

22   ████████████████████████████████

23   ████████████████████    █████████████

24   ██████████████████████████████████

25   ████████████████████████████

                                                    1
```



1

2

3

4

5

6

7

8

9

10

11

12

13

14

09:08:15 15

16

17

18

19

09:08:38 20

21

22

23

24

25

2



09:09:00  1

2

3

4

09:09:09  5

6

7

8

9

09:09:20  10

11

12

13

14

09:09:32  15

16

17

18

19

09:09:43  20

21

22

23

24

25

3









81





11:28:29   1

  2

  3

  4

11:28:42   5

  6

  7

  8

  9

11:29:09 10

  11

  12

  13

  14

11:29:25 15

  16

  17

  18

  19

11:29:40 20

  21

  22

  23

  24

  25

95









11:34:13  1

2

3

4

11:34:25  5

6

7

8

9

11:34:35 10

11

12

13

14

11:34:45 15

16

17

18

19

11:35:00 20

21

22

23

24

25

99





11:36:39   1

2

3

4

11:36:49   5

6

7

8

9

11:36:58 10

11

12

13

14

11:37:08 15

16

17

18

19

11:37:23 20

21

22

23

24

25



11:38:53  1

2

3

4

11:39:10  5

6

7

8

9

11:39:25 10

11

12

13

14

11:39:53 15

16

17

18

19

11:40:06 20

21

22

23

24

25





11:42:14  1

2

3

4

11:42:29  5

6

7

8

9

11:42:44 10

11

12

13

14

11:43:03 15

16

17

18

19

11:43:19 20

21

22

23

24

25

105







# EXHIBIT 3

**HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY ROUGH**

1           UNCERTIFIED REALTIME ROUGH DRAFT OF

2           AMIRALI TALASAZ, PH.D. TAKEN 4/30/2019

3

4                    ***

5   THIS REALTIME ROUGH DRAFT IS UNEDITED AND

6   UNCERTIFIED AND MAY CONTAIN UNTRANSLATED

7   STENOGRAPHIC SYMBOLS, AN OCCASIONAL REPORTER'S

8   NOTE, A MISSPELLED PROPER NAME/OR NONSENSICAL WORD

9   COMBINATIONS.  PURSUANT TO CCP SECTION 2025.540(b),

10  IT MAY NOT BE USED, CITED, OR TRANSCRIBED AS THE

11  CERTIFIED TRANSCRIPT OF THE DEPOSITION PROCEEDINGS.

12  THIS REALTIME ROUGH DRAFT TRANSCRIPT MAY NOT BE

13  CITED OR USED IN ANY WAY OR AT ANY TIME TO REBUT OR

14  CONTRADICT THE CERTIFIED TRANSCRIPT OF THE

15  DEPOSITION PROCEEDINGS AS PROVIDED BY THE

16  DEPOSITION OFFICER.  THIS DOCUMENT IS NOT TO BE

17  RELIED UPON IN WHOLE OR IN PART AS THE OFFICIAL

18  TRANSCRIPT.  THIS UNCERTIFIED REALTIME ROUGH DRAFT

19  VERSION HAS NOT BEEN REVIEWED OR EDITED BY THE

20  CERTIFIED SHORTHAND REPORTER FOR ACCURACY.

21

22  ████████████████████████████████

23  ██████████████████  ████████████

24  ██████████████████████████████████

25  ███████████████████████████

                                  1





3



09:14:56 1

2

3

4

09:15:07 5

6

7

8

9

09:15:09 10

11

12

13

14

09:15:09 15

16

17

18

19

09:15:09 20

21

22

23

24

09:15:09 25

4



```
09:15:09   1
           2
           3
           4
09:15:09   5
           6
           7
           8
           9
09:15:24  10
          11
          12
          13
          14
09:15:30  15
          16
          17
          18
          19
09:15:41  20
          21
          22
          23
          24
          25
```

5



02:59:38  1

2

3

4

03:00:18  5

6

7

8

9

03:00:26  10

11

12

13

14

03:00:42  15

16

17

18

19

03:01:29  20

21

22

23

24

25

189



190



191



192



193



194





# EXHIBIT 4



CONTAINS HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
INFORMATION SUBJECT TO PROTECTIVE ORDER



CONTAINS HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY
INFORMATION SUBJECT TO PROTECTIVE ORDER



CONTAINS HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY
INFORMATION SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 5



CONTAINS HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
INFORMATION SUBJECT TO PROTECTIVE ORDER

# EXHIBIT 6

| From: | Stephen.Larson |
|---|---|
| To: | Constant, Justin; Walter, Derek; Pistritto, Christopher |
| Cc: | Guardant Health II Service; Knobbe.PGDx; Jack Phillips; David A. Bilson; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com |
| Subject: | RE: Guardant v. PGDx |
| Date: | Thursday, April 25, 2019 6:19:00 PM |

Counsel,

I write to summarize our meet and confer yesterday.

Guardant asserted that it would seek additional testimony regarding PGDx's source code. PGDx disagreed that any further testimony is necessary or appropriate.

Regarding the privilege issue, Guardant would not state whether it is asserting a common interest privilege. Guardant merely "reserved the right" to do so. Guardant asserted that, in 2012, Helmy was acting as a "close advisor to Guardant" and the "functional equivalent of an employee." Guardant asserted that, as a result, there was no waiver of privilege. Guardant suggested its position was supported by precedent but when asked, Guardant identified no such precedent. PGDx asked Guardant to further update its privilege log to reflect its positions and support its assertion of privilege, but Guardant declined.

Regarding PGDx's 30(b)(6) topics, Guardant agreed to provide a witness on topics 28, 40, and 48. Guardant stated that Daniel Simon would likely be the witness on those topics.

Guardant agreed to provide depositions of Daniel Simon, Darya Chudova, and Michael Wiley. The parties temporarily tabled the issue of whether Guardant should provide a deposition of Lai Mun Siew.

Thanks,

Steve

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Wednesday, April 24, 2019 9:19 AM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>; Walter, Derek <Derek.Walter@weil.com>; Pistritto, Christopher <Christopher.Pistritto@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson <dab@pgmhlaw.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Guardant v. PGDx

Steve,
Would 3:30pm PST work?
Thanks,
Justin

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Wednesday, April 24, 2019 8:55 AM
**To:** Constant, Justin <Justin.Constant@weil.com>; Walter, Derek <Derek.Walter@weil.com>;
Pistritto, Christopher <Christopher.Pistritto@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx
<Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson
<dab@pgmhlaw.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Guardant v. PGDx

Counsel,

During the parties' meet and confer today at 2 pm PST, please also be prepared to discuss: (1)
Guardant's failure to provide deposition dates for Daniel Simon, Darya Chudova, Michael Wiley, and
Lai Mun Siew; and (2) Guardant's failure to provide adequate testimony on PGDx's 30(b)(6) topics
28, 40, and 48.

Thanks,

Steve

**From:** Stephen.Larson
**Sent:** Tuesday, April 23, 2019 6:20 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Walter, Derek <Derek.Walter@weil.com>;
Pistritto, Christopher <Christopher.Pistritto@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx
<Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson
<dab@pgmhlaw.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Guardant v. PGDx

Justin,

Is Guardant relying on an assertion of common-interest privilege with regard to the challenged
communications, or not?  If so, what is Guardant's basis for asserting that Dr. Eltoukhy had an
identical legal interest in common with Guardant in 2012?  We ask that Guardant address this issue
at the parties' meet and confer tomorrow.

Thanks,

Steve

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Wednesday, April 17, 2019 3:39 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>; Walter, Derek <Derek.Walter@weil.com>;
Pistritto, Christopher <Christopher.Pistritto@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx

<Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson
<dab@pgmhlaw.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Guardant v. PGDx

Steve,
In furtherance to our meet and confer on Tuesday, Guardant will reserve the right to assert a
common-interest privilege. However, as I explained, the information in the communications was
attorney-client privileged and disclosure to Dr. Eltoukhy did not waive that privilege.
- Justin

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Monday, April 15, 2019 4:56 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Walter, Derek <Derek.Walter@weil.com>;
Pistritto, Christopher <Christopher.Pistritto@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx
<Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson
<dab@pgmhlaw.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Guardant v. PGDx

Justin,

I write to summarize our meet and confer today.

First, PGDx maintained that it should not have to prepare the corporation to testify on willfulness, an
issue that both parties agree is not in this case. As a final effort to compromise, PGDx offered to
provide a witness on Guardant's Interrogatory No. 1: "Separately for each of the Patents-in-Suit,
state the date(s) you became aware of the Patents-in-Suit and describe how you first became aware
of the Patents-in-Suit, including the circumstances of how you became aware of the Patents-in-Suit,
the person(s) involved in your first becoming aware of the Patents-in-Suit, and all documents
relating to your awareness of the Patents-in-Suit." Guardant rejected this proposal because it does
not include related patents and patent applications.

Second, PGDx explained its proposed amended pleading, including PGDx's allegations of inequitable
conduct and PGDx's proposed *Walker Process* counterclaims. Guardant asked to see a copy of the
proposed amended pleading before providing its position on whether it would oppose. Guardant
committed to providing a response within one day of receiving PGDx's amended pleading.

Third, the parties addressed Guardant's attempt to claim privilege over communications between
Eltoukhy and Guardant in 2012. ████████████████████████████████████████
████████████████████████████████████████. PGDx asked Guardant to
confirm that this was Guardant's sole basis to assert privilege. In particular, PGDx wanted to make
sure that Guardant does not provide additional positions for the first time in an opposition to a
motion to compel. PGDx also asked to discuss individual privilege log entries, but Guardant wanted
to defer that discussion. Thus, the parties agreed to schedule a second meet and confer tomorrow.

Thanks,

Steve

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Sunday, April 14, 2019 8:28 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>; Walter, Derek <Derek.Walter@weil.com>;
Pistritto, Christopher <Christopher.Pistritto@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx
<Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson
<dab@pgmhlaw.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Guardant v. PGDx

Steve,
That time should work.  I've sent an invite.
- Justin

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Friday, April 12, 2019 8:10 PM
**To:** Walter, Derek <Derek.Walter@weil.com>; Pistritto, Christopher
<Christopher.Pistritto@weil.com>; Constant, Justin <Justin.Constant@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx
<Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson
<dab@pgmhlaw.com>
**Subject:** RE: Guardant v. PGDx

Derek,

We propose that the parties conduct a single meet and confer that addresses both of the issues
below as well as PGDx's motion to amend.  We propose Monday at 2 pm PST.

Regarding your request for authority on the privilege issue, see, e.g., *Acceleration Bay LLC v.
Activision Blizzard*, 2018 WL 798731 at *2 (D. Del. Feb. 9, 2018); *Leader Techs., Inc. v. Facebook, Inc.*,
719 F. Supp. 2d 373, 376 (D. Del. 2010).

Please let us know if Guardant has any authority requiring a corporation to provide testimony on an
issue that both sides agree is not in the case.

Thanks,

Steve

**From:** Walter, Derek <Derek.Walter@weil.com>
**Sent:** Friday, April 12, 2019 5:24 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>; Pistritto, Christopher

<Christopher.Pistritto@weil.com>; Constant, Justin <Justin.Constant@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx
<Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson
<dab@pgmhlaw.com>
**Subject:** RE: Guardant v. PGDx

Stephen,

We can meet and confer with you on this when we meet and confer with you regarding PGDx's
refusal to provide a witness on 30(b)(6) topics related to knowledge of Guardant's patents.  In the
meantime, please provide any authority for the proposition that the privilege is limited to individuals
who are formal employees of a company.

Thanks,

Derek

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Wednesday, April 10, 2019 10:22 AM
**To:** Walter, Derek <Derek.Walter@weil.com>; Pistritto, Christopher
<Christopher.Pistritto@weil.com>; Constant, Justin <Justin.Constant@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx
<Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson
<dab@pgmhlaw.com>
**Subject:** Guardant v. PGDx

Counsel,

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████ Please produce those documents or let us
know when you are available to meet and confer.

Thanks,

Steve

**Stephen Larson**
Partner
949-721-5301 Direct
**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email message is intended only for use of the individual or entity named

above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

EXHIBIT 7

| | |
|---|---|
| **From:** | Constant, Justin |
| **To:** | Stephen.Larson; Walter, Derek; Pistritto, Christopher |
| **Cc:** | Guardant Health II Service; Knobbe.PGDx; Jack Phillips; David A. Bilson; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com |
| **Subject:** | RE: Guardant v. PGDx |
| **Date:** | Tuesday, April 16, 2019 10:29:30 AM |
| **Attachments:** | 2019-04-16 Guardant 6th Supp Privilege Log_PGDx.pdf |

Stephen,

Upon further review, we will be producing the documents associated with privilege log entry nos. 1207, 1208, 1209, and 1210.

As for the remaining entries, Guardant maintains that the documents contain privileged information and that privilege has not been waived.

Privilege log entry nos. 1115, 1117, 1120, 1121 and 1126 represent emails discussing attorney client communications and work product.
Privilege log entry nos. 1153, 1154, 1157, 1158, 1162, 1168, 1169, and 1183 are emails discussing and forwarding confidential attorney-client communications and work product.
Lastly, privilege log entry nos. 1127, 1211, 1212, and 4214 are communications directly to or from outside counsel.

An updated privilege log is attached for your reference. With respect to your email below, Guardant committed to providing a response within one or two days of receiving PGDx's amended pleading.

-Justin

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Monday, April 15, 2019 4:56 PM
**To:** Constant, Justin <Justin.Constant@weil.com>; Walter, Derek <Derek.Walter@weil.com>; Pistritto, Christopher <Christopher.Pistritto@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson <dab@pgmhlaw.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Guardant v. PGDx

Justin,

I write to summarize our meet and confer today.

First, PGDx maintained that it should not have to prepare the corporation to testify on willfulness, an issue that both parties agree is not in this case.  As a final effort to compromise, PGDx offered to provide a witness on Guardant's Interrogatory No. 1:  "Separately for each of the Patents-in-Suit, state the date(s) you became aware of the Patents-in-Suit and describe how you first became aware of the Patents-in-Suit, including the circumstances of how you became aware of the Patents-in-Suit,

the person(s) involved in your first becoming aware of the Patents-in-Suit, and all documents relating to your awareness of the Patents-in-Suit." Guardant rejected this proposal because it does not include related patents and patent applications.

Second, PGDx explained its proposed amended pleading, including PGDx's allegations of inequitable conduct and PGDx's proposed *Walker Process* counterclaims. Guardant asked to see a copy of the proposed amended pleading before providing its position on whether it would oppose. Guardant committed to providing a response within one day of receiving PGDx's amended pleading.

Third, the parties addressed Guardant's attempt to claim privilege over communications between Eltoukhy and Guardant in 2012. ███████████████████████████████████████████████ ████████████████████████████████████████████████ PGDx asked Guardant to confirm that this was Guardant's sole basis to assert privilege. In particular, PGDx wanted to make sure that Guardant does not provide additional positions for the first time in an opposition to a motion to compel. PGDx also asked to discuss individual privilege log entries, but Guardant wanted to defer that discussion. Thus, the parties agreed to schedule a second meet and confer tomorrow.

Thanks,

Steve

**From:** Constant, Justin <Justin.Constant@weil.com>
**Sent:** Sunday, April 14, 2019 8:28 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>; Walter, Derek <Derek.Walter@weil.com>; Pistritto, Christopher <Christopher.Pistritto@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson <dab@pgmhlaw.com>; mfarnan@farnanlaw.com; bfarnan@farnanlaw.com
**Subject:** RE: Guardant v. PGDx

Steve,
That time should work. I've sent an invite.
- Justin

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Friday, April 12, 2019 8:10 PM
**To:** Walter, Derek <Derek.Walter@weil.com>; Pistritto, Christopher <Christopher.Pistritto@weil.com>; Constant, Justin <Justin.Constant@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson <dab@pgmhlaw.com>
**Subject:** RE: Guardant v. PGDx

Derek,

We propose that the parties conduct a single meet and confer that addresses both of the issues below as well as PGDx's motion to amend.  We propose Monday at 2 pm PST.

Regarding your request for authority on the privilege issue, see, e.g., *Acceleration Bay LLC v. Activision Blizzard*, 2018 WL 798731 at *2 (D. Del. Feb. 9, 2018); *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 376 (D. Del. 2010).

Please let us know if Guardant has any authority requiring a corporation to provide testimony on an issue that both sides agree is not in the case.

Thanks,

Steve

**From:** Walter, Derek <Derek.Walter@weil.com>
**Sent:** Friday, April 12, 2019 5:24 PM
**To:** Stephen.Larson <Stephen.Larson@knobbe.com>; Pistritto, Christopher <Christopher.Pistritto@weil.com>; Constant, Justin <Justin.Constant@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson <dab@pgmhlaw.com>
**Subject:** RE: Guardant v. PGDx

Stephen,

We can meet and confer with you on this when we meet and confer with you regarding PGDx's refusal to provide a witness on 30(b)(6) topics related to knowledge of Guardant's patents.  In the meantime, please provide any authority for the proposition that the privilege is limited to individuals who are formal employees of a company.

Thanks,

Derek

**From:** Stephen.Larson <Stephen.Larson@knobbe.com>
**Sent:** Wednesday, April 10, 2019 10:22 AM
**To:** Walter, Derek <Derek.Walter@weil.com>; Pistritto, Christopher <Christopher.Pistritto@weil.com>; Constant, Justin <Justin.Constant@weil.com>
**Cc:** Guardant Health II Service <Guardant.Health.II.Service@weil.com>; Knobbe.PGDx <Knobbe.PGDx@knobbe.com>; Jack Phillips <jcp@pgmhlaw.com>; David A. Bilson <dab@pgmhlaw.com>
**Subject:** Guardant v. PGDx

Counsel,

Please produce those documents or let us know when you are available to meet and confer.

Thanks,

Steve

**Stephen Larson**
Partner

949-721-5301 Direct

**Knobbe Martens**

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original

message.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

# EXHIBIT 8

| From: | Khait, Irina |
|---|---|
| To: | jcp@pgmhlaw.com; dab@pgmhlaw.com; Jeremiah.Helm; Joe.Re; Karen.Weil; Stephen.Larson; 2wrz; Knobbe.PGDx |
| Cc: | farnan@farnanlaw.com; bfarnan@farnanlaw.com; Guardant Health II Service |
| Subject: | Guardant v. Personal Genome, No. 1:17cv01623: Clawback |
| Date: | Tuesday, April 30, 2019 7:51:21 PM |
| Attachments: | 2019-04-30 Guardant 7th Supp Privilege Log_PGDx.pdf |

Counsel,

Plaintiffs inadvertently produced documents bearing Bates numbers:

| Beg Bates | End Bates | Attachment Beg Bates | Attachment End Bates |
|---|---|---|---|
| GUARDPG00193210 | GUARDPG00193210 | GUARDPG00193211 | GUARDPG00193212 |
| GUARDPG00157990 | GUARDPG00157990 | GUARDPG00157991 | GUARDPG00157991 |
| GUARDPG00185439 | GUARDPG00185439 | GUARDPG00185440 | GUARDPG00185572 |
| GUARDPG00199117 | GUARDPG00199118 | GUARDPG00199119 | GUARDPG00199120 |
| GUARDPG00199547 | GUARDPG00199548 | GUARDPG00199549 | GUARDPG00199549 |
| GUARDPG00612920 | GUARDPG00612920 | | |
| GUARDPG00612940 | GUARDPG00612940 | GUARDPG00612941 | GUARDPG00612941 |

These documents contain privileged information pursuant to Section 14 of the Protective Order.

Please destroy all copies of these documents in accordance with Section 14 of the Protective Order within three business days of this letter.

The replacement images will be provided. Guardant's 7th supplemental privilege log is attached.

Best,





**Irina Khait**
Senior Paralegal

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway

Redwood Shores, CA 94065-1134
Irina.Khait@weil.com
+1 650 802 3057 Direct
+1 650 799 2513 Cell
+1 650 802 3100 Fax



**Irina Khait**
Senior Paralegal

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Irina.Khait@weil.com
+1 650 802 3057 Direct
+1 650 799 2513 Cell
+1 650 802 3100 Fax

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.