

May 8, 2019

**VIA E-FILING**
The Honorable Christopher J. Burke
United States District Court
844 North King Street
Unit 28, Room 2325
Wilmington, DE 19801

**FILED UNDER SEAL**

Re: *Guardant Health, Inc. v. Personal Genome Diagnostics Inc.* C.A. No. 17-1623-LPS-CJB

Dear Judge Burke:

  The parties' dispute concerns the non-responsive and evasive testimony of PGDx's 30(b)(1) and 30(b)(6) witness Dr. Samuel Angiuoli. *See* D.I. 155; D.I. 107 at 3. Dr. Angiuoli is PGDx's Chief Information Officer and was designated on topics 13, 14, 16 and 17 ("the source code topics") covering the source code and bioinformatics pipeline in the accused products. *See* Ex. 1. Throughout his deposition, Dr. Angiuoli's non-responsive answers denied Guardant the ability to explore these topics. This is now the fourth time Guardant has had to seek the Court's relief in connection with discovery related to PGDx's source code, which PGDx itself has made central to the case by asserting that it proves non-infringement. This is thus an important dispute, and Guardant requests that the Court hear oral argument.

  As background, ███████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████ Guardant has thus repeatedly been forced to seek the Court's relief in connection with this issue. First, PGDx flat out refused to produce printouts of its source code as required by the protective order.[1] *See* D.I. 83. Next, PGDx refused to comply with the parties' agreed upon ESI stipulation and produce documents with keywords directed to its algorithms. D.I. 124. Then, PGDx unilaterally cancelled the 30(b)(6) deposition of Dr. Angiuoli on its source code. D.I. 172. Likewise, for months, PGDx has refused to provide an informative response to Guardant's interrogatory seeking the basis for PGDx's non-infringement contentions.

  Now, after PGDx finally made Dr. Angiuoli available for deposition, Guardant must seek the Court's assistance yet again because Dr. Angiuoli refused to respond to basic questions, instead attempting to further conceal the operation of PGDx's source code. Nowhere was this clearer than

---

[1] Even when PGDx originally made source code available for inspection, it did so in a way seemingly designed to misdirect. ███████████████████████████████████████████
███████████████████████████████████████████████████████ *See* Ex. 3 at 51:1-10, 56:15-19, 58:2-59:15, 62:1-6. Guardant was thus forced to needlessly expend time and money analyzing, distinguishing, and preparing questions on unused and hence irrelevant source code.

Dr. Angiuoli's testimony ███ Indeed, the claims of the patents-in-suit all explicitly recite the use of barcodes. *See e.g.* D.I. 19-1 at 64:6-10, 18-21, 25-27; *see also* D.I. 10-3 at 63:7-9, 13-24; *see also* D.I. 10-2 at 62:22-28; *see also* D.I. 1-1 at 62:12-17, 21-42.[2] Guardant's infringement contentions cite ███ . *See* Ex. 4 at 9-11, 19-23, 28-30. Specifically, ███ *See Id.* at 30; *see also* Ex. 3 at 37:4-14.

Yet, ███ This is where the problems with Dr. Angiuoli's deposition arose.

███ This, however, is meaningless.

███

*See* Ex. 3 at 130:12-131:13 (emphasis added). This pattern continued throughout the deposition. *See Id.* at 100:4-12, 101:4-103:14, 103:23-105:6 107:6-14, 109:17-110:13, 125:6-16, 134:25-136:4, 145:4-146:20.

Every time Dr. Angiuoli was specifically ███

---

[2] Guardant further directs the Court to Plaintiff's Technology Tutorial. *See* D.I. 61.


███

Dr. Angiuoli should have answered the questions posed and explained, for instance, that ███

At one point, Guardant's counsel probed the ███

PGDx cannot justify such non-responsiveness. When Guardant objected, PGDx argued that Guardant's questions were "open-ended" and that it should "ask him some leading questions" instead. *See* Ex. 3 at 114:7-13; *see also* Ex. 6 at 1 (PGDx's counsel stating Guardant "kept asking the same flawed and open-ended questions…."). As shown above, however, Guardant's questions were not vague. And open-ended questions are permitted during a deposition and must be answered just the same as leading questions.

3

Furthermore, PGDx's defense of Dr. Angiuoli is totally without merit because Dr. Angiuoli refused to answer even the most precise of questions. For instance, Dr. Angiuoli was asked if



Dr. Angiuoli's evasive, incomplete, and non-responsive answers are unacceptable in any context, and most definitely in the context of source code that PGDx has made central to the case. The deconstruction and interpretation of unfamiliar source code is challenging, even with the assistance of expert witnesses. Given that PGDx is expressly relying on its source code to assert some unstated non-infringement position, it was incumbent upon its witness to provide responsive and forthcoming answers that do more than meaninglessly assert that ▮▮▮▮▮ Guardant viewed the 30(b)(6) deposition of the author of PGDx's source code as a critical opportunity to insure that it's understanding PGDx's source code was correct and get some understanding of why PGDx seemingly believes its source code provides some basis for asserting non-infringement. Instead, PGDx coached its 30(b)(6) witness to conceal and misdirect.

Courts in this district have held that, "[i]f 'a deponent fails to answer a question asked under Rule 30,' or provides an answer that is 'evasive or incomplete,' then a motion to compel the deposition testimony may be filed." *Oy v. Verizon Services Corp.*, 2013 WL 5675516, at *2 (D. Del. 2013) (citing *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 214 (E.D. Pa. 2008)). Guardant requests that PGDx be ordered to provide a prepared and responsive witness on the source code topics. Just as PGDx has a right to present its non-infringement positions, Guardant has a right to explore those positions, including how the accused products operate and an accompanying explanation as to why.

                                                  Respectfully submitted,

                                                  /s/ Michael J. Farnan

                                                  Michael J. Farnan

cc: Counsel of Record (Via E-Mail)