

June 26, 2019

**VIA E-FILING**
The Honorable Christopher J. Burke
United States District Court
844 North King Street
Unit 28, Room 2325
Wilmington, DE 19801

**Re:** *Guardant Health, Inc. v. Personal Genome Diagnostics Inc*. C.A. No. 17-1623-LPS-CJB

Dear Judge Burke:

The parties' dispute concerns the assertion of privilege by PGDx over the preparation of pages of pre-canned deposition answers that PGDx witness Samuel Angiuoli relied upon verbatim during his court-ordered supplemental 30(b)(6) deposition. *See* D.I. 298; D.I. 262. Dr. Angiuoli confirmed that not all of this witness-script actually came from him, but instead includes unknown elements of the answers drafted by attorneys. PGDx is withholding what portions came from the attorneys and what came from the witness. In doing so, PGDx is attempting to mask its attorneys' role in crafting the witness script by asserting privilege over Dr. Angiuoli's drafts as well as correspondence containing attorney comments and edits. This is improper, and Guardant requests an order compelling PGDx to produce the witness script drafts and all related correspondence.

### I.   Factual Background

The deposition of PGDx's 30(b)(6) witness on source code, Dr. Samuel Angiuoli, has required repeated court intervention. PGDx initially refused to make Dr. Angiuoli available in a timely fashion. D.I. 172; D.I. 179. When PGDx finally made him available, Dr. Angiuoli obstructed the deposition and refused to provide responsive answers to such a degree that the Court ordered a repeat deposition. D.I. 262. Unfortunately, the repeat deposition necessitates Court intervention yet again.

When Dr. Angiuoli appeared for his court-ordered repeat deposition as a 30(b)(6) fact witness on the use of barcodes in the accused products, he did so with a script that he kept in front of him and read *verbatim* throughout the deposition. *See, e.g.*, Ex. 1 [Angiuoli script]; Ex. 2 [Dep. Tr.] at 268:7-270:2, 273:11-273:15.  

The script even contains apparent non-infringement arguments, seeking to distinguish claim terms in the asserted patents such as "collapsing" and "consensus sequence" from the operation of the accused product. Ex. 1 at 1. The script thus bears clear indicia of having not been independently prepared by Dr. Angiuoli, but rather lawyer-advocacy.

 It was only after a protracted back and forth between counsel that PGDx allowed Dr. Angiuoli to answer the question yes or no. Dr. Angiuoli answered yes.[4] PGDx's counsel objected to inquiry into the witness script and asserted both the privilege and work product protection throughout the deposition.[5]

## II.   PGDx's Assertion of Privilege over the Witness Script is Without Merit

It is well-settled law that counsel can obtain discovery into the preparation of witnesses for depositions, including the documents that refreshed witnesses recollection.[6] Where a 30(b)(6) witness relies on a written script prepared by counsel during a deposition, the attorney client and work product privilege does not apply to that script and its preparation. For instance, in *In re Neurontin Antitrust Litigation*, a defendant's 30(b)(6) witness relied on an outline prepared by counsel during his deposition. Defendant produced the outline to plaintiff, but asserted privilege and work product protection over the outline's preparation, just as PGDx does here. *See* 2011 WL 253434 at *5, *10, *17 (D.N.J. Jan. 25 2011). The court held that "the antitrust defendants' disclosure of the outline waived any ordinary work product shroud they may have enjoyed had it not been given to the plaintiffs." *Id*. at 17. As the court explained, "[w]aiver of work product protection occurs when disclosures are made that do not further the goal of 'protect[ing] an attorney's work product from falling into the hands of an adversary'" and further "work product

---

[1] Ex. 2 at 270:3-6 ▮▮▮); *Id*. at 271:4-6 ▮▮▮).

[2] *Id*. at 272:9-13 ▮▮▮).

[3] *Id*. at 278:6-11 ▮▮▮).

[4] *Id*. at 299:25-300:11  ).

[5] *Id*. at 270:7-15, 271:21-272:17, 279:9-14, 278:3-280:9, 299:13-300:11, 366:24-367:13.

[6] *See Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 393, 396-97 (D. Or. 2017) (The "Third Circuit held that the following three conditions must be met before an adverse party may obtain documents reviewed by a witness before testifying at a deposition: (1) 'the witness must use the writing to refresh his memory'; (2) 'the witness must use the writing for the purpose of testifying'; and (3) 'the court must determine that production is necessary in the interests of justice.'") (citations omitted).

protection is waived when 'disclosure ... enable[s] an adversary to gain access to the information.'" *Id.* at 17 (citations omitted).  The court found that defendants "waived ordinary work product protection" by "handing over the outline their PHV counsel had prepared." *Id.*

Just as in *Neurontin*, PGDx quite literally handed Guardant the witness script that its witness relied upon and has thus waived any work product protection.  This makes sense, for reasons stated by the court in *Neurontin*.  By giving Dr. Angiuoli a script prepared partly by attorneys, "the corporation and its counsel have inverted their respective roles" where "clients are to possess the facts while counsel are to advocate the legal significance of these facts." *Id*. at 10.  "The Rule 30(b)(6) witness…cannot simply be a conduit for counsel's contentions." *Id*.  Yet this is precisely what PGDx's counsel has done here.

Just as PGDx has waived work product protection, it has also waived the privilege.  "It goes without saying that privilege may not be used both as a sword and a shield." *In re Human Tissue Products Liability Litigation*, 255 F.R.D. 151, 158 (D.N.J., 2008).  By having Dr. Angiuoli rely upon a witness script prepared partly by attorneys, PGDx has placed the allegedly privileged information in the script at issue in the case.  As such, PGDx may not now use the privilege to shield discovery around the script.  "In this regard, courts have found an implied waiver of the attorney-client and/or attorney work product privilege where a client affirmatively places otherwise privileged information at issue in the case." *Id*.  The Supreme Court has made clear that while counsel "necessarily makes use throughout trial of the notes, documents, and other internal materials prepared to present adequately his client's case" there is no waiver, but "where, as here, counsel attempts to make a ***testimonial*** use of these materials the normal rules of evidence come into play with respect to cross-examination and production of documents.." *U.S. v. Nobles*, 95 S.Ct. 2160, 2171 (U.S. 1975) (emphasis added).

PGDx's sole justification for why there has not been a waiver is that the script is akin to an interrogatory response, and parties normally do not get discovery of draft interrogatory responses.  This is misplaced.  PGDx had ample opportunity to provide an interrogatory response with the information in the witness script, and was in fact previously ordered to do so.  D.I. 179.  Rather than provide an interrogatory response, however, PGDx decided to use a factual 30(b)(6) witness as a conduit for its contentions by giving Dr. Angiuoli a script with content that was totally absent from all earlier versions of its interrogatory response.  Far from avoiding a waiver, PGDx's attempt to cast the witness script as an interrogatory response simply confirms that it failed to comply with the Court's order.  Moreover, even the script were akin to an interrogatory response, no law suggests that a 30(b)(6) may use an attorney-prepared discovery response as a script during a deposition and then hide behind the privilege to shield what portions of his testimony came from counsel as opposed to the witness himself.  As noted above, a 30(b)(6) witness is not a conduit for counsel's contention, and the privilege cannot be used as both sword and shield.

PGDx's assertion of attorney-client and work product privilege over prior drafts and correspondence regarding Dr. Angiuoli's witness script are thus without merit.  Guardant respectfully requests this Court grant Guardant's request for discovery into the preparation of Dr. Angiuoli's witness script, including prior drafts and correspondence related to the revisions.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

Cc: Counsel of Record (Via E-Filing)