## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GUARDANT HEALTH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 17-1623-LPS |
| | ) | |
| v. | ) | REDACTED PUBLIC VERSION |
| | ) | |
| PERSONAL GENOME DIAGNOSTICS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT PERSONAL GENOME DIAGNOSTICS, INC.'S NOTICE OF SUBPOENA TO GOOGLE LLC

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, a subpoena

will be served on Google LLC commanding production of documents at the time and location

specified in the Subpoena to Produce Documents or at such other time and place convenient for

the parties. A copy of the subpoena is attached hereto as Exhibit 1.

November 5, 2019

Of Counsel:

Joseph R. Re
Stephen W. Larson
Baraa Kahf
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404
Fax: (949) 760-9502
Joe.re@knobbe.com
Stephen.larson@knobbe.com
Baraa.kahf@knobbe.com


William R. Zimmerman
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue N.W.

By: */s/ David A. Bilson*
PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgmhlaw.com
dab@pgmhlaw.com

*Attorneys for Defendant Personal Genome Diagnostics, Inc.*

Suite 900
Washington, DC 20006
202-640-6412 - Direct
Tel: (202) 640-6400
Fax: (202) 640-6401
Bill.Zimmerman@knobbe.com

Karen Vogel Weil
Yanna S. Bouris
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Tel: (310) 551-3450
Fax: (310) 601-1263
Karen.weil@knobbe.com
Yanna.bouris@knobbe.com

# EXHIBIT 1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Delaware

| | |
|---|---|
| GUARDANT HEALTH, INC. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:17-cv-01623-LPS-CJB |
| PERSONAL GENOME DIAGNOSTICS, INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       Google LLC, c/o Agent for service of process: Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA  95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Attachment A

| Place: Electronically to Guardant.Health.II.Service@weil.com or a location as agreed to with counsel per Fed. R. Civ. P. 45(c)(2)(A). | Date and Time:<br><br>11/19/2019 10:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/05/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Stephen W. Larson |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Defendant
Personal Genome Diagnostics, Inc.                                    , who issues or requests this subpoena, are:

Stephen W. Larson, Knobbe, Martens, Olson & Bear, LLP, 2040 Main St., 14th Floor, Irvine, CA  92614, (949) 760-0404, stephen.larson@knobbe.com

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:17-cv-01623-LPS-CJB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____ _____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, and in accordance with the instructions and definitions listed below, Personal Genome Diagnostics, Inc. ("PGDx") and Guardant Health, Inc. ("Guardant") requests that Google LLC ("Google") produce the following documents and things for inspection and copying.

The users of the two accounts identified in these requests, Helmy Eltoukhy (███████████) and AmirAli Talasaz (███████████) have consented through their attorneys at Weil, Gotshal & Manges LLP to the requests below.

**INSTRUCTIONS**

1.     PGDx and Guardant request that Google produce all documents within its possession, custody or control, to Guardant regardless of whether these documents are located within the United States or outside the United States or whether possessed by Google, or by its United States or foreign subsidiaries or affiliates, present or past officers, directors, agents, employees, investigators, or attorneys. Any documents produced should be provided directly to Guardant only.

2.     If documents or things that are requested herein become available or known to Google between the time of initial production and the time of trial in this matter, PGDx and Guardant request that Google supplement its responses by producing such documents or things.

3.     Each request shall be construed independently. No request shall limit the scope of any other request.

4.     All responsive documents and things shall be produced either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the

requests.  If there are no documents or things responsive to a specific request, please so state in your response.

5.     Where an objection is made to a request for production, state all grounds upon which your objection is based, and state whether documents are actually being withheld by reason of the objection.  Please respond to all portions of that request that do not fall within the ambit of your objection.

6.     Each request calls for the production of each document in its entirety, without abbreviation, redaction, expurgations, or modification.

7.     Each request seeks production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in either Google's business files or in the personnel files of its officers, directors, agents or employees, together with a copy of the descriptive file folder or other identifying characteristics in their entirety.

## DEFINITIONS

1.     "Google," "you," and "your" shall mean Google LLC, and any and all United States or foreign predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

2.     "Guardant" means Guardant Health, Inc., including any of their divisions, departments, parents, subsidiaries, affiliates or predecessors, and any present or former officer, director, employee, consultant, expert or agent of Guardant and all other persons acting or purporting to act on behalf of Guardant, their subsidiaries, affiliates, divisions, or predecessors.

3.     "Any" shall be construed also to mean "all," and "all" shall be construed also to mean "any," and the terms "and" as well as "or" shall be construed both disjunctively and

conjunctively. In each case, those terms should be construed to bring within the scope of the request all responses that might otherwise be construed to be outside the scope; in other words, to give each request its broadest possible meaning.

4. "Document" or "documents" shall be construed in the broadest sense permissible under Fed. R. Civ. P. 26 and 34, and shall mean all things and originals, copies and drafts of any writing or other tangible or intangible thing from which data or information can be obtained, in Google's possession, custody or control, including, but not limited to, all written, printed, typed, transcribed, electronically encoded matter, any e-mail or other electronically transmitted communication, any sound or video recording, any photograph or graphic matter or any other thing containing information or communications or from which information or communications may be derived.

5. The terms "concerning," "relating to," "relate," and "related to," mean, in whole or in part, alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

6. The term "person" shall mean, in the plural as well as the singular, any natural person, firm, corporation, unincorporated association, division, subsidiary, partnership, or other business or legal entity or governmental body, including any and all representatives, successors, heirs, assigns, officers, directors, servants, employees, agents, attorneys, or other persons or entities who have acted or purported to act for or on behalf of any of them.

7. The past tense includes the present tense, and vice versa, as necessary, to bring within the scope of these requests documents that might otherwise be beyond their scope.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Documents sufficient to show all metadata, including, but not limited to, the recipient(s), sender, date sent, date received, date read, and the date deleted of emails and email attachments sent or received between January 1, 2011, to January 1, 2013, that were sent to (including cc and bcc) or from ███████████ including emails, attachments, or messages that have been deleted by and are no longer accessible to the user of the ███████████ account.

**REQUEST NO. 2:**

Documents sufficient to show all metadata, including, but not limited to, the recipient(s), sender, date sent, date received, date read, and the date deleted of emails and email attachments sent or received between January 1, 2011, to January 1, 2013, that were sent to (including cc and bcc) or from ███████████ including emails, attachments, or messages that have been deleted by and are no longer accessible to the user of the ███████████ account.

**REQUEST NO. 3:**

All emails and email attachments that were sent to (including cc and bcc) or from ███████████ including emails and email attachments that have been deleted by and are no longer accessible to the user of the ███████████ account, addressed to (including cc and bcc) or from any email address having a guardanthealth.com domain and sent or received between January 1, 2011, and January 1, 2013.

**REQUEST NO. 4:**

All emails and email attachments that were sent to (including cc and bcc) or from ███████████ including emails and email attachments that have been deleted by and are no longer accessible to the user of the ███████████ account, addressed to (including cc

and bcc) or from any email address having a guardanthealth.com domain and sent or received between January 1, 2011, and January 1, 2013.

**REQUEST NO. 5:**



All emails and email attachments that were sent to (including cc and bcc) or from ████████████ including emails and email attachments that have been deleted by and are no longer accessible to the user of the ███████████ account, addressed to (including cc and bcc) or from ██████████ ██████████ ███████████ ███████████████████████ and sent or received between January 1, 2011, and January 1, 2013.

**REQUEST NO. 6:**

All emails and email attachments that were sent to (including cc and bcc) or from ███████████ including emails and email attachments that have been deleted by and are no longer accessible to the user of the ██████████ account, addressed to (including cc and bcc) or from ██████████ ██████████ ███████████ ████████████████████████ and sent or received between January 1, 2011, and January 1, 2013.

**REQUEST NO. 7:**

All emails and email attachments that were sent to (including cc and bcc) or from ███████████ including emails and email attachments that have been deleted by and are no longer accessible to the user of the ██████████ account, addressed to (including cc and bcc) or from any email address having a illumina.com domain and sent or received between January 1, 2011, and January 1, 2013.

**REQUEST NO. 8:**

All emails and email attachments that were sent to (including cc and bcc) or from ████████████████ including emails and email attachments that have been deleted by and are no longer accessible to the user of the ██████████████ account, addressed to (including cc and bcc) or from any email address having a illumina.com domain and sent or received between January 1, 2011, and January 1, 2013.

**REQUEST NO. 9:**

To the extent Google hosts or has previously hosted email accounts having a ██████████████ domain, all emails and email attachments that were sent to (including cc and bcc) or from ██████████████████, including emails that have been deleted by and are no longer accessible to the user of the ████████████████████ account, sent or received between January 1, 2011, and January 1, 2013.

**REQUEST NO. 10:**

To the extent Google hosts or has previously hosted email accounts having a guardanthealth.com domain, all emails and email attachments that were sent to (including cc and bcc) or from a ██████████████████, including emails that have been deleted by and are no longer accessible to the user of the ████████████████ account, sent or received between January 1, 2011, and January 1, 2013.

**REQUEST NO. 11:**

All emails and email attachments matching the descriptions listed in Exhibit A.

**REQUEST NO. 12:**

All emails and email attachments associated with the ████████████████ account that were deleted or otherwise made inaccessible to the user of the account after April 8, 2019.

**REQUEST NO. 13:**

Documents sufficient to identify all emails associated with the ███████████ account that were deleted or otherwise made inaccessible to the user of the account after April 8, 2019.





























