## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUARDANT HEALTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOUNDATION MEDICINE, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) C.A. No. 17-1616-LPS-CJB <br> ) <br> ) **REDACTED - PUBLIC VERSION** <br> ) <br> ) <br> ) |
| GUARDANT HEALTH, INC., <br><br> Plaintiff, <br><br> v. <br><br> PERSONAL GENOME DIAGNOSTICS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 17-1623-LPS-CJB <br> ) <br> ) **REDACTED - PUBLIC VERSION** <br> ) <br> ) <br> ) |

### LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
### FROM DEFENDANTS PERSONAL GENOME DIAGNOSTICS, INC. AND
### FOUNDATION MEDICINE, INC. REGARDING DISCOVERY DISPUTE

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, GOLDMAN, MCLAUGHLIN
& HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgmhlaw.com
dab@pgmhlaw.com

*Of Counsel:*
Joseph R. Re
Stephen W. Larson
Baraa Kahf
KNOBBE, MARTENS, OLSON & BEAR, LLP

Karen Jacobs (#2881)
Jeremy A. Tigan (#5239)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@mnat.com
jtigan@mnat.com

*Of Counsel:*
Eric J. Marandett
G. Mark Edgarton
Sophie F. Wang
CHOATE, HALL & STEWART LLP

<div style="display: flex;">

<div>

Irvine, CA 92614
(949) 760-0404
Joe.re@knobbe.com
Stephen.larson@knobbe.com
Baraa.kahf@knobbe.com

William R. Zimmerman
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue N.W.
Suite 900
Washington, DC 20006
Tel: (202) 640-6400
Bill.Zimmerman@knobbe.com

Yanna S. Bouris
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
(310) 551-3450
Yanna.bouris@knobbe.com

*Counsel for Defendant Personal Genome Diagnostics, Inc.*

Dated: November 25, 2019

</div>

<div>

Boston, MA 02110
(617) 248-5000

*Counsel for Defendant Foundation Medicine, Inc.*

</div>

</div>

Dear Judge Burke:

Defendants bring this motion to compel Guardant to stop the deletion of critical evidence, to take steps to facilitate the recovery of such evidence, and to answer questions regarding how and why Guardant's CEO and founder selectively deleted such evidence after his deposition. Dr. Eltoukhy deleted all pre-2014 emails from his personal email account after questioning at his April 2019 deposition revealed that such evidence was highly relevant to Defendants' inequitable conduct defenses. By August 7, 2019 – the date this Court heard arguments related to Defendants' motion to compel production of those emails – Guardant and its counsel knew about the deletion of these emails, but concealed that fact from Defendants until November 3. Since then, Guardant has refused to provide the necessary relief justified by these alarming circumstances.

### I. Guardant's Loss of Critical Inequitable-Conduct Documents

Defendants' inequitable-conduct defenses assert that Eltoukhy substantially contributed to Guardant's claimed inventions, in part, based on confidential documents from Illumina, Inc. D.I. 284, Counterclaims ¶¶ 20-37.[1] Guardant then intentionally omitted Eltoukhy as an inventor to avoid any ownership claim by Illumina. *Id.* ¶¶ 38-43. As this Court is well aware, Guardant has admitted to having over ▇▇▇ Illumina documents in its possession. Ex. 7 at 28:23-25. Many of these documents were ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ These are the types of emails that Dr. Eltoukhy deleted.

One of the critical events supporting Defendants' allegations took place in June 2012, while Eltoukhy was still an Illumina employee and Guardant's other co-founder, Talasaz, had just left Illumina for Guardant. *Id.* ¶¶ 20-37. Eltoukhy used his Illumina email account to ask Illumina Director, Dr. Frank Steemers, to send Eltoukhy a presentation about improved sequencing error correction. *Id.* ¶ 23. Steemers responded with several confidential Illumina slides disclosing critical elements of Guardant's asserted claims. *Id.* ¶ 24. Eltoukhy responded: "Great. Thanks!" and, two minutes later, forwarded the email to his personal Gmail account, which he used to carry out Guardant business, while working for Illumina. *Id.* ¶ 25. Eltoukhy did so several days before the alleged July 2012 conception date identified by Guardant. *Id.* ¶ 26.

Guardant has maintained that no evidence shows Eltoukhy shared the "Steemers emails" with Talasaz, the named inventor of Guardant's patents. *See* Ex. 1 at 14 (criticizing PGDx's reliance on Eltoukhy's mere possession of Steemers emails); Ex. 2 ¶ 393. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Shortly after Eltoukhy's deposition, Defendants served discovery requests seeking communications between Drs. Eltoukhy and Talasaz, including specific requests targeting

---

[1] All docket citations are to No. 17-1623-LPS-CJB.

The Honorable Christopher J. Burke                                                                    Page 2
November 25, 2019

Eltoukhy's Gmail account. D.I. 197; Ex. 6 (RFP 144-45). Guardant refused to produce documents, which required Defendants to move to compel. D.I. 323, Ex. 3. Guardant criticized Defendants' requests as overly broad and argued the parties should use search terms. D.I. 324 at 1-2; Ex. 7 at 43:5-44:8. The Court ordered the parties to agree on search terms. D.I. 337.

Throughout August and September, the parties conferred on appropriate search terms. During this process, Defendants expressed concern about Guardant's preservation and collection of emails from Eltoukhy's Gmail account. *See, e.g.,* Ex. 8 at 18-19, 25, 30, 42-43, 50, 65. Guardant characterized Defendants' concerns as "unwarranted fears," *id.* at 30. Guardant also became increasingly defensive and combative. *See id.* at 20 ("They [Defendants' questions] seem more like irascible demands than questions."); *id.* at 18 (calling Defendants' concerns "snide innuendo" making "it tough to want to cooperate").

The reason for Guardant's resistance became clear when it finally produced documents. On September 20, Guardant produced "smoking gun" emails from Eltoukhy's personal account that disprove Guardant's primary defense to Defendants' allegations. *See, e.g.,* Ex. 9-10. Contrary to Guardant's position, ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████ These "bodiless" emails, however, are missing *all* text other than the date/to/from/cc/subject line. *See* Exs. 9-10. Defendants eventually identified several hundred such emails. *See, e.g.,* Ex. 13, 15. Guardant stated the documents came from ██████████████████ ██████████████████████ that erroneously excluded the body of the emails. Ex. 8 at 18.

Defendants asked Guardant to produce the Gmails directly from the founders' accounts on Google.com. *Id.* at 16. ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████ █ ██████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

## II.  Guardant Should Provide Discovery Regarding Its Destruction of Evidence

The present motion presents a unique situation in which the founder and CEO of a multi-billion-dollar public company engaged in the wholesale destruction of evidence *after* being deposed, *after* being confronted with and questioned about such evidence, and *after* the opposing party served document requests targeting the documents he destroyed. While Defendants believe these facts justify extraordinary relief, Defendants initially seek discovery to attempt to recover the documents and determine what has been destroyed and why.

***First***, Guardant should be ordered to finally download and preserve the *entirety* of Drs. Eltoukhy and Talasaz's Gmail accounts. Inexplicably, Guardant still refuses to do so. Ex. 8 at 7. ***Second***, Guardant should allow Defendants to inspect the corrupted archive file and forensic images of the laptop on which Eltoukhy deleted emails. Guardant performed its own limited analysis, Ex. 14, but refuses to make the same underlying data available to Defendants. Ex. 8 at 4. As shown in the attached declaration, Defendants believe their forensic expert may recover documents and determine what emails were deleted and when. *See* Ex. 16. Defendants' expert would provide any recovered documents initially to Guardant to screen for privilege. ***Third***, Guardant should provide a list of the laptops Drs. Eltoukhy and Talasaz used since the company founding, so Defendants can perform additional forensics as necessary. Ex. 8 at 15. Such forensics are important because, e.g., Guardant has never explained why Talasaz does not have the Steemers emails sent to him. *Id.* at 2-3. ***Fourth***, Guardant should produce all bodiless emails that satisfy Guardant's to/from and date limitations, without the use of additional search terms. *Id.* at 6; Ex. 17. Applying search terms makes little sense as to bodiless emails because the bodies of such emails have no text to search. Guardant's previous search collected only documents that hit on the "subject line" of such emails. During the Court's previous discovery hearing, Guardant improperly failed to disclose that numerous emails were bodiless, and that Eltoukhy had deleted *all* of his early emails. *See* Ex. 7. ***Fifth***, Guardant should produce Eltoukhy for four hours of deposition time beyond the three this Court previously ordered, D.I. 261. Guardant has refused to answer many questions on the ground that Defendants should ask Eltoukhy, but Guardant refuses to provide *any* additional time for such questions. *See, e.g.,* Ex. 8 at 2, 5

### III. Guardant Should Provide Discovery Even If Eltoukhy's Gmails Are Recovered

At 8:40 pm on the last business day before this motion, Guardant claimed it had found a backup drive that may contain Eltoukhy Gmails. Ex. 8 at 1. Even if Guardant recovers Eltoukhy's Gmails, however, Defendants' requested relief is necessary. ***First***, the founders' Gmail accounts must be preserved to avoid further destruction of evidence. ***Second***, the scope, timing, and circumstances of Eltoukhy's destruction of evidence are important. Forensics may reveal what documents Eltoukhy deleted, when he deleted them, and whether he opened any before deleting them. *See* Ex. 16. Such evidence is highly relevant to Guardant's litigation misconduct and Eltoukhy's credibility. *See Regeneron Pharms., Inc. v. Merus N.V.*, 864 F.3d 1343, 1364 (Fed. Cir. 2017) (affirming adverse inference of deceptive intent based on patentee's litigation misconduct that "obfuscated its prosecution misconduct" though documents were available after close of discovery). Indeed, Guardant claims ████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████. Defendants should not be required to take Guardant's version of these events at face value. ***Third***, even if Guardant ultimately recovers Eltoukhy's Gmails, that does address Talasaz's unexplained deletion of documents. The loss of evidence may go far beyond the bodiless emails. Thus, Guardant should still provide a list of the laptops Eltoukhy and Talasaz used. ***Fourth***, if Guardant has located a source of documents previously missing from its document collection, it should perform both its original searches and the later searches on *all* of the documents, not just the "bodiless" emails, because the prior search identified only emails containing a keyword in the subject line. ***Fifth***, Guardant should provide Defendants sufficient deposition time to probe Eltoukhy's misconduct and the discrepancies between his testimony and Guardant's representations to Defendants.

The Honorable Christopher J. Burke  Page 4
November 25, 2019

                                          Respectfully submitted,

                                          */s/ John C. Phillips, Jr.*

                                          John C. Phillips, Jr. (No. 110)

cc:    All counsel of record (via CM/ECF & email)