

March 24, 2020

**VIA E-FILING**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Unit 26
Wilmington, DE 19801-3556

      Re:    Guardant Health, Inc. v. Foundation Medicine, Inc.
               C.A. No. 17-cv-1616-LPS-CJB
               Guardant Health, Inc. v. Personal Genome Diagnostics, Inc.
               C.A. No. 17-cv-1623-LPS-CJB

Dear Chief Judge Stark,

Pursuant to Your Honor's March 19, 2020 Oral Order, the parties submit this joint status report proposing how the currently scheduled April 14th hearing and the overall schedule for this case should proceed. **As set forth below, the parties agree the Court should cancel the April 14 hearing**. The parties' detailed positions on the April 14 hearing and the overall case schedule are set forth below.

**Plaintiff's Position**

The parties agree that the April 14, 2020 telephonic oral argument may be taken off calendar if the Court so wishes given your Honor's March 23, 2020 Order resolving most of the issues to be discussed. We suggest rescheduling the April 14 telephonic hearing, if needed, upon the issuance of the reports and recommendations on the pending summary judgment motions.

Because the situation is fluid and evolving, the rest of the schedule should be preserved for now pending a joint status report to be submitted by the parties on April 27, 2020. As already extended by the Court's recent February 19, 2020 order, the PGDx trial is not scheduled to begin until June 8, 2020. Maintaining that date will help bring this case to a conclusion.

For the better part of a year, defendants have been positioning to delay the trial of this matter. All the remaining discovery identified by the Defendants was well known by the parties and the Court when the trial was moved back to June 8, 2020 trial date. Defendants' over-the-top litany defies the record.

The two primary incomplete events Defendants' feature are their *own* third party discovery efforts from Wilson Sonsini and Illumina. The Wilson Sonsini subpoena was served more than a year ago in February 2019. The Illumina subpoena is coming up on its year anniversary, having been served on May 3, 2019. Although never shy to finger point, Guardant cannot be blamed for the fact it has taken Defendants more than a year to enforce these subpoenas. This is a crystalline example of how Defendants are boot-strapping their arguments for delay.

Another example of an overblown argument for delay is Defendants' complaint about 1200 documents that were recently produced by Guardant. Most of the documents were produced months ago. Defendants' demand for the reproduction of these documents was not a good use of time and is no basis for delay.

Keeping the June trial date for now subject to an April 27 status update to the Court balances the interests by offering an incentive to the parties to help bring the case to a close. Another trial date delay is likely only to beget more drama and over-heated rhetoric from Defendants coupled with further requests for delay.

**Defendants' Position**

Defendants appreciate the Court's attention to this matter in the uncertain times facing the Court and the parties. Fortunately, this case does not present an emergency situation, and even in ordinary times, the April hearing would be unnecessary and premature. The Court has already resolved all pending objections to Judge Burke's *Markman* recommendations and Guardant's motions to dismiss. *See* D.I. 541.[1] Moreover, all of the parties' summary judgment motions, save one FMI motion, are still pending before Judge Burke[2] and, even if Judge Burke decided those motions today, there would be insufficient time for the parties to fully brief any additional objections to his Reports & Recommendations before April 14.

Postponing the April 14 hearing would not impact FMI's trial date, which is scheduled for November. As for PGDx's June trial date, PGDx respectfully requests that the Court postpone that date in view of the coronavirus outbreak and current events, which are substantially complicating PGDx's efforts to prepare for, and complete discovery before, trial. Lead counsel of both Guardant and PGDx are located in California, which is now subject to severe travel and quarantine restrictions. *See, e.g.,* California Orders Lockdown for State's 40 Million Residents, *Wall Street Journal* (March 20, 2020), *available at* https://www.wsj.com/articles/china-reports-no-new-domestic-coronavirus-infections-for-the-first-time-since-outbreak-started-11584611233. Although PGDx is diligently attempting to complete discovery, circumstances have unavoidably delayed this process.

First, Guardant already delayed the Court-ordered supplemental deposition of its CEO, Dr. Eltoukhy, in Redwood City, California, because of issues the witness is having in view of the coronavirus outbreak and current events. *See* D.I. 429; D.I. 261. Because Dr. Eltoukhy will be a key Guardant witness at trial, Defendants strongly prefer to take his deposition in person. However, current travel restrictions will make it difficult, if not impossible, for PGDx's counsel in Southern California and FMI's counsel in Boston, Massachusetts, to travel to Redwood City in Northern California to take Dr. Eltoukhy's supplemental deposition. Moreover, the Court ordered that supplemental deposition, in part, so Defendants can examine Dr. Eltoukhy's inconsistent testimony regarding his early relationship with Guardant and the impact of that testimony on

---

[1] All citations are to C.A. No. 17-1623-LPS-CJB unless otherwise noted.
[2] Defendants previously identified all pending summary judgment motions. *See* D.I. 532, Appendix A at 2.

certain Guardant privilege claims.  *See* D.I. 261.  After the supplemental deposition, the parties will need to address and resolve the status of Guardant's privilege claims and complete any related remaining discovery.  Separately, the Court also ordered Dr. Eltoukhy's supplemental deposition so he could try to explain his actions in deleting evidence after his first deposition.  *See* D.I. 429.  Based on Dr. Eltoukhy's testimony, and Defendants' forensic analysis of his laptop, the parties and the Court will then need to resolve whether Defendants are entitled to any adverse inferences or other relief that may impact the scope of trial.

Second, Guardant's patent prosecution counsel, which is based in Palo Alto, California, has already cancelled one deposition based on current events and other concerns.  A separate deposition of Guardant's patent prosecution counsel remains pending in early April, but will also likely be delayed in view of current restrictions.  Guardant blames PGDx for the timing of these depositions, but the timing of the depositions was dictated by PGDx being required to file two motions to compel, culminating in a recent Special Master decision ordering Guardant's patent prosecution counsel to provide documents, which PGDx just received on March 3.

Third, Guardant has objected to a declaration from third-party Illumina, Inc., which sought to authenticate documents Illumina produced and to provide testimony by declaration instead of a deposition.  In view of Guardant's objections to this approach, Defendants will also need to depose a witness from Illumina.  Illumina is based in San Diego, California, and has already raised concerns about proceeding with a deposition in view of current restrictions.

Fourth, just yesterday—sixteen months after the document production deadline—Guardant produced over 1,200 documents that Defendants' forensic expert recovered after Dr. Eltoukhy improperly deleted documents following his prior deposition.  *See* D.I. 429.  Defendants have not yet had the opportunity to review or consider the implications of those documents or what documents remain missing.

Under the current schedule, PGDx and Guardant will be required to engage in substantial trial preparation within several weeks, exchanging pretrial documents no later than the middle of April.  *See* D.I. 533 (proposed pretrial order due May 15).  Proceeding under that schedule would be complicated by the pending discovery described above and inefficient due to the many pending summary judgment motions, the resolution of which could substantially narrow the scope of, or eliminate the need for, trial.  The pending motions raise fundamental issues, such as claim terms that will be construed for the first time on summary judgment.  This includes, for example, the term "unique sequence reads," a key claim term in one of the patents-in-suit, U.S. Patent No. 9,840,743.  *See* D.I. 402 at 2 n.2 (declining to construe "unique sequence reads" during the *Markman* phase but inviting the parties to brief the issue on summary judgment); D.I. 431 at 14 (asking Court to construe "unique sequence reads" on summary judgment).  PGDx has also moved to strike two new infringement theories that PGDx contends Guardant presented for the first time on summary judgment.  *See* D.I. 497, 498.  The resolution of that motion will determine what theories, if any, Guardant will be permitted to present at trial, significantly impacting PGDx's trial preparation, and potentially requiring additional expert reports and discovery.  *See id.*  Moreover, because Guardant moved to dismiss PGDx's counterclaims, the pleadings have not yet closed and Guardant has not even pled its defenses to PGDx's *Walker Process* monopolization and attempted monopolization counterclaims.  The Court just denied Guardant's Motion on March 23, D.I. 541,

but Guardant will not be required to file its Answer until April 6—shortly before the parties will need to begin exchanging pretrial documents.  Finally, PGDx's counsel has implemented a variety of new procedures to curb the spread of the coronavirus, including work-from-home policies and maintaining minimal in-office staff support.  Such procedures will further complicate PGDx's efforts to complete discovery and prepare for a June trial.

In view of the above circumstances, PGDx respectfully requests that the Court postpone the current June 8 trial date and set a scheduling conference in two months to set a new trial date.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (via E-Filing)