**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GUARDANT HEALTH, INC., | ) |
| | ) |
| Plaintiff, | )   C.A. No. 17-1623-LPS |
| | ) |
| v. | ) |
| | ) |
| PERSONAL GENOME DIAGNOSTICS, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT PERSONAL GENOME DIAGNOSTICS, INC.'S RESPONSE TO GUARDANT'S NOTICE OF SUBSEQUENT AUTHORITY**

Defendant Personal Genome Diagnostics, Inc. ("PGDx") hereby responds to Guardant's June 19, 2020, Notice of Subsequent Authority, D.I. 606 (the "Notice"). Guardant's subsequent authority is readily distinguishable from the present case. In *Inline Packaging, LLC v. Graphic Packaging Int'l, LLC*, No. 18-3167, 2020 U.S. App. LEXIS 19061 at *14 (8th Cir. June 18, 2020), no unnamed inventor "affirmatively *claimed* inventing" the subject matter and "the record lack[ed] evidence demonstrating that [a third party] solely or jointly invented" the subject matter.

In contrast, the omitted inventor here—Dr. Helmy Eltoukhy—***declared under oath*** he was an inventor of the subject matter of the '743 patent, which shares the same specification as the '731 and '822 patents. D.I. 460, Ex. 12 at GD00006836. The R&R also pointed to emails where "Dr. Eltoukhy referred to how ***he and Dr. Talasaz*** created [the] 'communication theory-related workflow'" claimed by the patents-in-suit. D.I. 550 at 12 n.7. The R&R also cited other evidence—including statements by Guardant and its employees—showing Dr. Eltoukhy is indeed an inventor. *See id.* at 12 n.7 & 15.

More fundamentally, however, Guardant's Notice is ***irrelevant*** to any pending issue. Guardant's Notice points to pages 8-9 of its Objections, where it argued a *Walker Process* claim

-2-

cannot be based on improper inventorship because "stealing a valid patent" purportedly cannot constitute an "antitrust violation." D.I. 561 at 8-9. Guardant did ***not*** argue, as it does in its Notice, that PGDx cannot establish *Walker Process* claims because Dr. Eltoukhy and Dr. Talasaz "[b]oth have consistently testified that Dr. Talasaz was the sole inventor . . .." D.I. 606 at 2. Guardant made that argument only when seeking summary judgment on Defendants' ***invalidity*** defenses based on improper inventorship. *See* D.I. 437 at 9-10. Indeed, Guardant's Notice quotes ***that*** portion of Guardant's summary judgment brief. D.I. 606 at 2 (quoting D.I. 437 at 9-10). The R&R correctly ***rejected*** Guardant's invalidity argument, holding that "in the face of the contrary evidence described above, the Defendants are not required to take Guardant's principals [Eltoukhy and Talasaz] at their word." D.I. 550 at 15 n.14. Guardant did ***not*** object to that portion of the R&R, which is now final. D.I. 561. Guardant cannot resurrect this finally decided issue through a Notice of Subsequent Authority.

June 22, 2020

Of Counsel:

Joseph R. Re
Stephen W. Larson
Baraa Kahf
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Tel: (949) 760-0404
Fax: (949) 760-9502
Joe.re@knobbe.com
Stephen.larson@knobbe.com
Baraa.kahf@knobbe.com

By: */s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Attorneys for Defendant Personal Genome Diagnostics, Inc.*

William R. Zimmerman
KNOBBE, MARTENS, OLSON & BEAR, LLP
1717 Pennsylvania Avenue N.W.
Suite 900
Washington, DC 20006
202-640-6412 - Direct
Tel: (202) 640-6400
Fax: (202) 640-6401
Bill.Zimmerman@knobbe.com

Yanna S. Bouris
KNOBBE, MARTENS, OLSON & BEAR, LLP
1925 Century Park East, Suite 600
Los Angeles, CA 90067
Tel: (310) 551-3450
Fax: (310) 601-1263
Yanna.bouris@knobbe.com

3302116